IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TODD PERRY,

    Plaintiff,                   No. 2:13-cv-0935 GEB DAD PS

    v.

WELLS FARGO HOME MORTGAGE,    <u>FINDINGS AND RECOMMENDATIONS</u>
et al.,

    Defendants.

_____/

        This matter came before the court on June 21, 2013, for hearing of the motion to dismiss filed by defendant Wells Fargo Bank, N.A. Attorney David Newman appeared telephonically on behalf of defendant Wells Fargo Home Mortgage. Plaintiff Toddy Perry, who is proceeding pro se in this action, appeared on his own behalf.

BACKGROUND

        Plaintiff commenced this action on March 29, 2013, by filing a complaint in the Placer County Superior Court. (Doc. No. 1-1 at 2.[1]) On May 9, 2013, defendant Wells Fargo Bank, N.A., ("Wells Fargo"), removed the matter to this court based on the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. No. 1 at 1.) On May 16, 2013, defendant Wells

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

Fargo filed a motion to dismiss and set the matter for hearing before the undersigned. (Doc. No. 5.)

On June 4, 2013, plaintiff filed a document styled as a "MOTION FOR REMAND." (Doc. No. 9.) Plaintiff however, set the matter for hearing before the undersigned on less than 28 days notice in violation of Local Rule 230(b). Accordingly, on June 10, 2013, the Court issued a minute order advising plaintiff of the defect, removing the matter from calendar and instructing plaintiff to file and serve an amended motion to remand that complied with Rule 230(b). On June 14, 2013, however, plaintiff filed a document styled "CLARIFICATION," indicating that his June 4, 2013 filing was actually filed "to oppose the motion to dismiss and ask the court to remand at that June 21, 2013 hearing." (Doc. No. 16 at 2.)

## ANALYSIS

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992).[2] "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. Attorneys Trust v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999). It

---

[2] Congress has conferred jurisdiction upon the federal district courts as limited by the United States Constitution. U.S. Const. Art. III, § 2; 28 U.S.C. § 132; see also Ankenbrandt v. Richards, 504 U.S. 689, 697-99 (1992).

is the obligation of the district court "to be alert to jurisdictional requirements." Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. See Morongo, 858 F.2d at 1380.

The removing party bears the burden of establishing federal jurisdiction. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). The removal statute is strictly construed against removal jurisdiction, and the court must resolve any doubt in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

As noted above, defendant Wells Fargo has asserted that this court has diversity jurisdiction over this action. Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. 28 U.S.C. § 1332(a); Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996). Here, there is no dispute that plaintiff is a citizen of California. (Doc. No. 1 at 2.) Defendant Wells Fargo asserts that it is only a citizen of South Dakota because that is where its main office is located. (Id. at 3.)

The Ninth Circuit has held that a national bank is located in the State where it maintains its "principal place of business." See American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943) ("The trial court was right in holding that defendant [a national bank] is a citizen only of the state in which its principal place of business is located"). In Wachovia Bank v. Schmidt, the Supreme Court held that a national bank is located where it maintains its "main office." 546 U.S. 303, 307 (2006) ("we hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located").

After Schmidt, some district courts have held that a national bank, such as defendant Wells Fargo, is a citizen only of the state where its main office is located. See Tse v. Wells Fargo Bank, N.A., No. C10-4441 THE, 2011 WL 175520 (N.D. Cal. Jan. 19, 2011); Ngoc Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp.2d 1022 (N.D. Cal. Oct. 27, 2010); California

/////

3

ex rel. Bates v. Mortgage Electronic Registration Systems, Inc., No. 2:10-cv-1429 GEB CMK, 2010 WL 2889061 (E.D. Cal. July 21, 2010).

Other district courts, however, have held that for purposes of diversity a national bank is located both where it has its main office and where it has its principal place of business. Here, Wells Fargo's principal place of business is California. See Guinto v. Wells Fargo Bank, No. CIV S-11-327 LKK/GGH, 2011 WL 4738519 (Oct. 5, 2011); Goodman v. Wells Fargo Bank, NA, No. CV 11-2685-JFW (Rzx), 2011 WL 2372044 (C.D. Cal. June 1, 2011); Saberi v. Wells Fargo Home Mortg., No. 10CV1985 DMS (BGS), 2011 WL 197860, (S.D. Cal. Jan 20. 2011).

After careful consideration, the undersigned finds persuasive the line of cases holding that "the Ninth Circuit's holding in American Surety remains binding on the district courts within this circuit" and that "under the authority of American Surety, Wells Fargo is a citizen of California" and as well as a citizen of South Dakota. Adams v. Wells Fargo Bank, N.A., No. 2:13-cv-0256 MCE KJN, 2013 WL 1907746, at *1 (E.D. Cal. May 7, 2013). See also Ramos v. Wells Fargo Bank, N.A., Civ No. 2:13-cv-0571 KJM CKD, 2013 WL 2303243, at *2 (E.D. Cal. May, 24, 2013) ("Because defendant Wells Fargo, N.A. has its primary place of business in California, it is a citizen of California."); Martinez v. Wells Fargo Bank, No. C-12-6006 EMC, 2013 WL 2237879, at *13 (N.D. Cal. May, 21, 2013) ("In sum, the Court finds that Defendant Wells Fargo is a citizen of both its state of association and its principal place of business. As its principal place of business is in California, diversity jurisdiction is lacking."); Cesar v. Wells Fargo Bank, N.A., No. 2:12-cv-1614 MCE EFB PS, 2012 WL 5289332, at *2 (E.D. Cal. Oct. 23, 2012) (For the reasons expressed in the Taheny opinion, this court concludes that Wells Fargo is a citizen of both California *and* South Dakota."); Gosal v. Wells Fargo Bank, N.A., No. 2:12-cv-2024 GEB CKD, 2012 WL 4961696, at *2 (E.D. Cal. Oct. 15, 2012) ("Therefore, Wells Fargo is a citizen of California as well as a citizen of South Dakota."); Hun Gim v. Wells Fargo Home Mortg. Inc., No. CV 12-5686 DDP (AJWx), 2012 WL 3848659,

4

at *1 (C.D. Cal. Sept. 5, 2012) (finding decisions concluding that "Wells Fargo is a citizen of both South Dakota and California . . . . well-reasoned"); Taheny v. Wells Fargo Bank, N.A., 878 F. Supp.2d 1093, 1109 (E.D. Cal. 2012) ("Wells Fargo is a citizen of California as well as a citizen of South Dakota.").

**CONCLUSION**

Because plaintiff and defendant Wells Fargo are both citizens of California, this Court does not have diversity jurisdiction over this action and this matter should be remanded to state court.[3] Defendant's May 16, 2013 motion to dismiss should, therefore, be denied as moot.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's May 16, 2013 motion to dismiss (Doc. No. 5) be denied as moot; and

2. This action be remanded to the Placer County Superior Court.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are

---

[3] At the June 21, 2013 hearing on the motion to dismiss plaintiff reported that defendant had sold his home at a foreclosure sale the previous day, June 20, 2013. Plaintiff essentially argued that the defendant's removal of this action and filing of the motion to dismiss in this court was done strategically so that the temporary restraining order issued by the Placer County Superior Court would lapse or otherwise become inapplicable thereby allowing defendant to sell his home in foreclosure unimpeded by court order. Plaintiff requested that this action now stay before this court and that he wished to pursue the imposition of sanctions. Defense counsel refuted plaintiff's characterization and suggested that he had informed plaintiff that once the restraining order issued by the Placer County Superior Court was no longer in effect, plaintiff must seek new injunctive relief if he wished to forestall a foreclosure sale. As indicated at the hearing, in light of the undersigned's conclusion that diversity jurisdiction is lacking over this action, the issue of whether the Placer County Superior Court's temporary restraining order was circumvented is a matter for that court to consider upon remand if appropriate.

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 21, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\perry0935.oah.062113